EVELYN L. HAYNIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haynie v. Commissioner
Docket No. 5304-73.
United States Tax Court
T.C. Memo 1977-136; 1977 Tax Ct. Memo LEXIS 307; 36 T.C.M. (CCH) 577; T.C.M. (RIA) 770136; May 5, 1977, Filed *307 Held, petitioner failed to report income from the sale of real property and from interest earned. Held further, petitioner is liable for additions to tax, pursuant to sections 6651(a) and 6653(a), I.R.C. 1954. Evelyn L. Haynie, pro se. John W. Dierker, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in petitioner's income taxes and the following additions to tax: ADDITIONS TO TAX
Section
Section
Section Year
Deficiency
6651(a) [1]
6653(a)
6654
1961
$38,205.63
$9,551.41
$1,910.28
$1,069.76
1964
1,665.79
416.45
83.29
46.64
1965
2,201.29
550.32
110.06
61.63
1966
1,9 24.91
481.23
96.25
53.89
1967
1,060.55
265.14
53.03
33.94
1968
3,792.70
948.18
189.64
118.19
1969
41,039.68
9,233.93
2,051.98
1,313.28
1970
3,418.44
769.15
170.92
109.40
*308 Respondent has conceded that no tax or additions to tax are owing for 1964 through 1969. Respondent has also conceded that, for the remaining two years in issue, 1961 and 1970, the deficiencies and additions to tax, pursuant to sections 6651(a) and 6653(a), are not as great as indicated above and the addition to tax, pursuant to section 6654(a), is not owing. The remaining issues are: (1) Whether petitioner failed to report income from the sale of real property and from interest earned and (2) whether petitioner is liable for additions to tax, pursuant to sections 6651(a) and 6653(a). FINDINGS OF FACT Petitioner lived in San Angelo, Texas, when she filed her petition in this case. Petitioner did not file income tax returns or estimated tax returns for the years in question. Petitioner's gain on the sale of a ranch in Sequoyah County, Oklahoma, in 1961 was $131,469.42. During 1970, petitioner received interest income of $2,882.33 and suffered a loss of $717.55. Petitioner's income for 1961 and 1970 was reconstructed by respondent from petitioner's records. Petitioner's underpayment *309 of tax for 1961 and 1970 was due to negligence or the intentional disregard of rules and regulations. There is no evidence on the record that petitioner's failure to file returns for 1961 and 1970 was due to reasonable cause. OPINION The first issue is whether petitioner failed to report income from the sale of real property and from interest earned. Respondent has reconstructed petitioner's income for 1961 and 1970 from petitioner's records. For 1961, respondent determined that petitioner's gain from the sale of a ranch was $131,469.42. For 1970, respondent determined that petitioner received interest income of over $2,800. Petitioner contends that the basis of the ranch was far greater than that determined by respondent; accordingly the gain from the sale was far less. Unfortunately, petitioner's contention (and her various other contentions) are based solely upon her unsubstantiated testimony. She presented no documentary evidence at trial nor did she provide any corroboration from other witnesses. Petitioner has the burden of proof, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We hold that she *310 has failed to carry that burden. Indeed, we are of the opinion that respondent has made as fair a determination as he can in this case, given the condition of petitioner's records. We also think petitioner is liable for the additions to tax pursuant to sections 6651(a) and 6653(a). Petitioner testified that a Pat Hall was supposed to file petitioner's return for 1961 and that a H. K. Westmoreland [2] was supposed to file petitioner's return for 1970. Even if we accept this wholly unsubstantiated testimony, petitioner is still liable for the additions to tax under sections 6651(a) and 6653(a). The burden of filing returns cannot be avoided by placing the responsibility upon an agent. Davenport v. Commissioner,6 T.C. 62, 67 (1946). The failure to file returns is ample reason for imposition of the negligence penalty under section 6653(a). Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608-609 (1961), affd. 302 F. 2d 42 (1962). Decision will be entered *311 under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. It is not entirely clear from the record whether Hall and Westmoreland were lawyers or accountants or had other professional training. Hall appears to be a lawyer.↩